United States District Court
Eastern District of Michigan



FILED
NOV -6 2015
CLERK'S OFFICE
DETROIT

TERRILL JOHNSON,

    Petitioner,

V.                              Civil Action No. 06-CV-10041

BLAINE LAFLER,

    Respondent.

## MOTION FOR EVIDENTIARY HEARING

NOW COMES PETITIONER, TERRILL JOHNSON (hereinafter Petitioner), in pro se, and respectfully request of the District Court to grant this Motion for Evidentiary Hearing pursuant to Rules Governing Habeas Corpus Cases under Section 2254 Rule 8(a). In support Petitioner says the following:

1. Petitioner has filed a pro se Petition for Writ of Habeas Corpus, Amended Petition and Supporting Brief challenging his state court convictions and sentences. In his affidavit supporting the petition, Petitioner claims he was denied effective assistance on appeal because his appellate counsel was aware of, but failed to make reasonable investigations into particular witnesses in Petitioner's case who could have testified that Petitioner acted in self-defense. These facts do not appear in the record. In addition, it is unclear from the state record why trial and/or appellate counsel failed to challenge the defective verdict form. It is unclear from the state record why appellate counsel did not raise this issue on appeal.

2. Petitioner now seeks an evidentiary hearing to develop a testimonial record to support his constitutional claims. To the extent that the claim

1.

raised depends on facts not of record, it is incumbent on Petitioner to make a testimonial record at this level to support his claim.

3. Petitioner should be allowed a full and fair opportunity to develop the facts of his claims. The Court should resolve Petitioner's claims by first listening to the witnesses, testing their story, and gauging their demeanor under examination. Earp v. Ornoski, 431 F.3d 1158, 1169 (9th Cir, 2005) quoting Blackledge v. Allison, 431 U.S. 63, 82 n. 25 (1977)("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive.")

4. As pleaded in Petitioner's Amended Petition, the standards under the antiterrorism and effective death penalty act are not applicable to four of Petitioner's constitutional claims. See Brief in Support of Amended Petition at p 19.

5. In Cullen v. Pinholster, ___US___; 131 S.Ct. 1388 (2011), the court explained that 28 U.S.C. §2254(d)(1) would not be applicable where no state court adjudicated the merits of a constitutional claim. The Cullen court did go on to say §2254(e)(2) continues to have force where §2254(d)(1) does not bar federal habeas relief. Id., 131 S.Ct. at 1401.

The Cullen court cited to Michael Williams, 529 U.S. 420, 427-429 (2000), to support the above conclusion. The Williams court did explain' that §2254(e)(2) would restrict a federal court only where the applicant "failed" to develop the factual basis of a claim in State court proceedings. Id.

The Williams court did state "Diligence will require in the usual case that the prisoner, at a mimimum, seek an evidentiary hearing in State court in the manner prescribed by state law." Id., 529 U.S. at 437.

2.

6. Petitioner did comply with all state law in regards to seeking to obtain an evidentiary hearing. As such, Petitioner did not "fail" to seek an evidentiary hearing during his state-court proceeding. Williams, supra.

7. Petitioner incorporates by reference herein his petition for writ of habeas corpus, amended petition, supporting brief and affidavits in support.

## RELIEF REQUESTED

For the foregoing reasons, Petitioner prays this District Court will grant the within Motion and Schedule and Conduct an Evidentiary Hearing.

Dated: 8-10-15

Terrill Johnson #432591
Petitioner in pro se
Gus Harrison Facility
2727 E Beecher St
Adrian, MI 49221

3.