UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRILL L. JOHNSON, #432591,

        Petitioner,

                                            CASE NO. 2:06-CV-10041
v.                                          HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER RE-OPENING CASE, DISMISSING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION FOR EVIDENTIARY HEARING, DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

    Michigan prisoner Terrill Johnson ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2006 asserting that he was being held in violation of his constitutional rights. Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment in 2002.

    Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims concerning the admission of a non-testifying co-defendant's guilty plea, the voluntariness of his police statements, the admission of statements indicated that he was in jail pending trial, and the admission of the victim's morgue photograph. The court denied relief on those claims and affirmed his convictions. *People v. Johnson*, No. 246160, 2004 WL 1124814 (Mich. App. May 20, 2004) (unpublished). Petitioner then filed an

application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Johnson*, 471 Mich. 950, 690 N.W.2d 110 (Dec. 29, 2004).

Petitioner signed his initial federal habeas petition on December 27, 2005. In that petition, he raised claims concerning the admission of a statement by a non-testifying co-defendant, the voluntariness of his police statements, the admission of statements indicating that Petitioner was in jail pending trial, the admission of a photograph of the victim, the admission of a non-testifying witness's statement, the admission of a non-testifying co-defendant's guilty plea, the trial court's offer to the jury to question witnesses, and the effectiveness of trial and appellate counsel.

Petitioner subsequently filed a motion to stay the proceedings so that he could properly exhaust his claims and/or raise additional claims in the state courts. On March 28, 2006, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the Court's order and, if he was unsuccessful in the state courts, moving to re-open the case and proceed on an amended petition within 30 days after the conclusion of the state collateral proceedings.

On June 30, 2006, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the conduct of the prosecutor, the admission of evidence, the jury's questioning of witnesses, and the effectiveness of trial and appellate counsel. The trial court denied the motion. *People v. Johnson*, No. 02-008079-01-FC (Wayne Co. Cir. Ct. March 28, 2007). Petitioner did not appeal that decision.

On April 8, 2015, Petitioner filed a second motion for relief from judgment with the state trial court raising claims concerning his innocence, newly-discovered evidence, the jury instructions, the verdict form, and the effectiveness of trial and appellate counsel. The trial court denied the motion. *People v. Johnson*, No. 02-008079-01-FC (Wayne Co. Cir. Ct. May 20, 2015). Petitioner did not appeal that decision.

Petitioner filed his amended petition, partially dated on August 10, 2015 and partially undated, on November 6, 2015. He also filed a motion for an evidentiary hearing and a second application to proceed in forma pauperis. In his amended petition, he raises claims concerning his innocence, newly-discovered evidence, the jury instructions, and the effectiveness of trial and appellate counsel. Petitioner did not move to lift the stay or to re-open the case. Nonetheless, the Court construes his amended petition as a request to re-open the case. The Court shall now re-open the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his amended petition.

Petitioner's request to proceed on his amended petition must be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case. The Court conditioned the stay on Petitioner returning to state court within 90 days of exhausting his claims in the state courts, and then moving to re-open his case on an amended petition containing his exhausted claims within 30 days. Petitioner did not do so. While he returned to the state trial court in a timely fashion by filing his first motion for relief from judgment in 2006, he did not properly exhaust his claims because he did not seek leave to appeal with the Michigan Court of Appeals or the Michigan Supreme Court following the trial court's denial of his motion. Moreover, he failed to return to this Court on an amended petition within

-3-

30 days of the conclusion of those proceedings. Petitioner then filed nothing in the state courts or this Court for eight years. In April, 2015, he filed a second motion for relief from judgment with the state trial court, which was denied in May, 2015 and was unappealable under state court rules. He again did not return to this Court on an amended petition within 30 days of the conclusion of those proceedings.

Thus, Petitioner failed to properly exhaust his state court remedies regarding the claims contained in his first motion for relief from judgment (which provided the basis for the stay of the proceedings), as required by the Court's order. He then did nothing in the state courts or this Court for eight years. Additionally, he failed to move to lift the stay or re-open the case, as required by the Court's order, and did not file his amended petition within 30 days of the conclusion of his state collateral proceedings in 2007 (or 2015), as required by the Court's order. Petitioner thus failed to comply with the Court's March 28, 2006 order in several respects and failed to satisfy the conditions of the stay.

Accordingly, the Court **DENIES** Petitioner's request to proceed on his amended petition. Rather, in accordance with Sixth Circuit precedent, the Court **VACATES** the stay as of the date it was entered, March 28, 2006, and **DISMISSES** the amended petition for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted). Given this determination, the Court also **DENIES** Petitioner's motion for an evidentiary hearing and his second application to proceed in forma pauperis. This case is now **CLOSED** for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2015.

s/Deborah Tofil
Case Manager